UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>SK FOODS, L.P., A CALIFORNIA PARTNERSHIP,<br><br>        Debtor,<br><br>---<br><br>NAGELEY, MEREDITH & MILLER, INC.,<br><br>        Appellant,<br><br>   v.<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE,<br><br>        Appellee. | Case Nos. 2:12-CV-00940-JAM<br>          2:12-CV-00942-JAM<br>          2:12-CV-00943-JAM<br><br>Bankruptcy No. 09-29162-D-11<br><br>**ORDER AFFIRMING THE MARCH 27TH ORDER AND AFFIRMING THE MAY 18TH ORDER AS MODIFIED.** |

    Appellant Nageley, Meredith & Miller, Inc., ("Appellant") appeals the Bankruptcy Court's March 27, 2012, and May 18, 2012, orders (Doc. #14). Appellant contests the Bankruptcy Court's decision to award sanctions against Appellant and the amount of sanctions awarded. Appellee Bradley D. Sharp, Chapter 11 Trustee ("Appellee") opposes the appeal (Doc. #16) and Appellant replied (Doc. #23). For the reasons stated below, the March 27th order

1

is AFFIRMED and the May 18th order is AFFIRMED as MODIFIED.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from the bankruptcy proceedings of SK Foods, an entity previously owned and controlled by Scott Salyer ("Salyer"). Salyer also controlled SCC Farming, Defendant in the bankruptcy proceeding below.

On March 20, 2012, the Bankruptcy Court entered a preliminary injunction, enjoining the Slayer entities, including SCC Farming, from using any of their assets for any purpose other than for payments in the ordinary course of business. Appellant's Excerpts of Record, Doc. #15, ("AER") at 1-6. The preliminary injunction was amended on October 13, 2010, and January 20, 2011. Id. at 47, 61-63. Pursuant to the amended preliminary injunction, SCC Farming was allowed to pay reasonable attorneys' fees incurred in connection with the bankruptcy proceeding. Id. at 61-63. SCC Farming was required to provide Appellee, among others, with an accounting of these expenditures. Id. at 62.

On April 7, 2011, Skadden, Arps, Slate, Meagher & Flom LLP, one of the law firms representing SCC Farming, provided an accounting to Appellee. Id. at 23, 165. The accounting included a billing statement prepared by Appellant, who was counsel of record at the time for SCC Farming. Id. at 23, 77-102.

On January 17, 2012, after Farella Braun + Martel LLP

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 5, 2012.

2

1  ("Farella") replaced Appellant as SCC Farming's counsel of
2  record, Appellant wrote to Appellee's counsel.  Id. at 119, 535.
3  In the letter, Appellant claimed that the billing statement had
4  been inadvertently disclosed.  Id. at 119, 535.  On January 18,
5  2012, Appellee's counsel responded to the letter, explaining the
6  reasons Appellee believed the billing statement had not been
7  inadvertently produced and raising several questions regarding
8  Appellant's argument.  Id. at 536.  Appellant did not respond.
9  Id.
10     Appellee then filed an Ex Parte Application for an Order
11 Addressing the Inadvertent Production Claim ("Ex Parte
12 Application"), which the Bankruptcy Court denied on January 19,
13 2012.  Id. at 19.  Following the Bankruptcy Court's decision,
14 Appellant wrote to Appellee requesting Appellee to retrieve all
15 copies of the billing invoice, but Appellant did not address the
16 January 18 letter.  Id. at 536.
17     On January 26, 2012, Appellee again wrote to Appellant,
18 requesting a response to the questions raised in the January 18
19 letter.  Id.  An attorney employed by Appellant responded to the
20 letter, stating that the attorneys involved in the case could not
21 respond for at least a week or until February 3.  Id.  On January
22 31, 2012, Appellee once again requested a response to the January
23 18 letter.  Id.  As of February 10, 2012, when Appellee filed an
24 Inadvertent Production Motion, Appellee had received no response.
25 Id.
26     In the March 27 order, the Bankruptcy Court granted
27 Appellee's Inadvertent Production Motion, holding that the
28 billing statement was not inadvertently produced and awarding

3

sanctions against Appellant and SCC Farming jointly and severally for their failure to meet and confer to resolve the inadvertent disclosure issue. Id. at 22-23. In the May 18 order, the Bankruptcy Court set the sanction amount. Id. at 532-33.

## II. APPLICATION TO SUPPLEMENT THE RECORD

Both parties have submitted an Application to Supplement the Record on Appeal (Doc. #16, 18). Documents that were not before the Bankruptcy Court for its consideration when it made the decision being appealed may not be included in the record on appeal. In re Yepremian, 116 F.3d 1295, 1297 (9th Cir. 1997) (citation omitted) (depositions and a declaration taken after the bankruptcy court granted summary judgment are not part of the record on appeal of that decision and cannot be considered). Here, the standing order submitted by Appellee was before the Bankruptcy Court when it made its determination with respect to the present appeal, but the tentative ruling submitted by Appellant was not.

Accordingly, the Court grants Appellee's Application to Supplement the Record on Appeal and denies Appellant's Application.

## III. JURISDICTION

A district court has jurisdiction to hear appeals from a bankruptcy court pursuant to 28 U.S.C. 158(a). Appellee contends that this Court does not have jurisdiction over the May 18 fee order because Appellant filed no notice of appeal with respect to that order and therefore the fee order is not properly before the

1  Court.  Appellant argues that the Court should reach and decide
2  the fee award issue because there is no prejudice to the opposing
3  party.
4      The Court finds that the fee order is properly before this
5  Court.  "[A] mistake in designating the judgment appealed from
6  should not bar appeal as long as the intent to appeal a specific
7  judgment can be fairly inferred and the appellee is not
8  prejudiced or misled by the mistake."  Lockman Found. v.
9  Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991)
10 (quoting United States v. One 1977 Mercedes Benz, 708 F.2d 444,
11 451 (9th Cir. 1983)).  In this case, Appellee had notice of
12 Appellant's intent to appeal the fee order because the opening
13 brief addresses this order in detail, and there is no prejudice
14 because Appellee has fully briefed all the issues raised.
15 Accordingly, the Court has jurisdiction to hear the appeal of the
16 fee order.  See Simpson v. Lear Astronics Corp., 77 F.3d 1170,
17 1173 (9th Cir. 1996) (holding that the appellee had notice that
18 the appellant intended to appeal both the order imposing
19 sanctions and the order setting the amount based on the opening
20 brief).  The Court need not address Appellant's alternative
21 argument for jurisdiction.
22
23                         IV. LEGAL STANDARD
24    A bankruptcy court's interpretations of the Bankruptcy Code
25 and conclusions of law are reviewed *de novo* by the district
26 court.  Blausey v. United States Trustee, 552 F.3d 1124, 1132
27 (9th Cir. 2009) (citations omitted).  A bankruptcy court's
28 factual findings are reviewed for clear error.  Id.  Factual

review under this standard requires deference to a bankruptcy court. Moreover, a district court reviews bankruptcy court's decision to impose sanctions under an abuse-of-discretion standard. In re Dinubilo, 177 B.R. 932, 937 (E.D. Cal. 1993) (citation omitted); see also Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997). A bankruptcy court abuses its discretion "when it bases the award on clearly erroneous legal or factual findings." Id. (quoting Drucker v. O'Brien's Moving and Storage, Inc., 963 F.2d 1171, 1173 (9th Cir. 1992)).

## V. ISSUES ON APPEAL

Appellant raises eight issues on appeal. Appellant's Opening Brief ("AOB") at 2-4. However, its opening brief does not contain separate or distinct arguments with respect to most issues raised. Therefore, the Court will not address them all. Indep. Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (stating that courts "review only issues which are argued specifically and distinctly in a party's opening brief"). Accordingly, based on Appellant's opening brief, the Court concludes that the issues on appeal are appropriately stated as follows:

    A.   Does Federal Rule of Civil Procedure ("FRCP") 37 apply?
    B.   Was Appellant's position substantially justified?
    C.   Did the Bankruptcy Court abuse its discretion in awarding sanctions pursuant to its inherent powers?
    D.   Was the fee award an abuse of discretion?

6

## VI. ANALYSIS

### A. Whether FRCP 37 Applies

Appellant argues that the Bankruptcy Court had no authority to award attorneys' fees under FRCP 37, because Appellant was neither a party nor currently representing a party in the bankruptcy proceedings. Appellant argues that FRCP 37 does apply because the rule extends to the attorney advising the conduct.

Pursuant to FRCP 37, made applicable to the Bankruptcy Court by Federal Rule of Bankruptcy Procedure 7037, a party may move for an order compelling disclosure and discovery as long as the party has in good faith conferred or attempted to confer. Fed. R. Civ. Proc. 37(a)(1). Moreover, FRCP 37 authorizes an award of attorneys' fees incurred in a motion regarding discovery or disclosure against, "the party whose conduct necessitated the motion . . . or [the] attorney advising that conduct." Fed. R. Civ. Proc. 37(a)(5).

Here, the Bankruptcy Court found that Appellant "put itself in the position of being the firm with whom [Appellee] was to meet and confer and maintained itself in that position." AER at 537. This Court agrees with the Bankruptcy Court. Appellant initiated the meet and confer process with its letter, insisted that the billing statement should be returned, and Appellant never informed Appellee that the matter was turned over to the current counsel. Id. Therefore, because Appellant was the "attorney advising the conduct," the Bankruptcy Court had authority to award attorneys' fees pursuant to FRCP 37.

Accordingly, the Court affirms Bankruptcy Court's finding that FRCP 37 applies.

### B. Whether Appellant's Position Was Substantially Justified

Appellant argues thatسanctions were not warranted pursuant to FRCP 37 because the Bankruptcy Court did not measure its claim to determine whether it was substantially justified. Appellee responds that Appellant's argument misses the point because Appellee was not sanctioned for making its inadvertent disclosure claim.  In the reply, Appellant argues that it was Farella and Appellee who failed to follow the meet and confer rules not Appellant.

FRCP 37(a)(5) permits courts to award sanctions when it grants motions compelling discovery or disclosures unless the party against whom sanctions are awarded forwarded a substantial justification for its position.  Fed. R. Civ. Proc. 37(a)(5)(ii). A discovery request is "substantially justified" if "reasonable people could differ as to whether the party requested must comply." Srinivasan v. Devry Inst. of Tech., 53 F.3d 340 (9th Cir. 1995) (quoting Reygo Pacific Corp. v. Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982)).

When a court grants a motion to compel discovery, it may not award sanctions pursuant to FRCP 37(a)(5) against a party if the party made a showing that the claim was substantially justified. See Srinivasan, 53 F.3d at 340; see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) (holding that FRCP 37 sanctions do not apply in cases when the discovery-related misconduct is not encompassed by the language of rule).  However, Appellant did not make such a

showing. Even though the Bankruptcy Court based the sanction on Appellant's failure to meet and confer, the Bankruptcy Court also found that the substantive arguments with regard to the inadvertent disclosure claim were neither persuasive nor reasonable. AER at 23. As a result, Appellant's claim was not substantially justified. The Court finds no clear error with this finding.

Moreover, the Court finds that Appellant's contention that Farella and Appellee were the ones who failed to follow the meet and confer rules unpersuasive. The Bankruptcy Court concluded that sanctions were warranted because Appellant "failed to meet and confer in good faith to resolve the issue, thus requiring the [Appellee] to bring the Inadvertent Production Motion." AER at 537. The Bankruptcy Court based its decision on the factual finding that Appellant never responded to the questions Appellee raised in its January 18 letter. Id. In contrast, there is no evidence in the record to suggest that Appellee failed to meet and confer. Further, as mentioned above, it was Appellant, not Farella, who was under the obligation to meet and confer because Appellant put itself in that position by initiating this dispute through its January 17, 2012 letter.

Accordingly, the Bankruptcy Court did not abuse its discretion by awarding sanctions pursuant to FRCP 37.

C. <u>Whether the Bankruptcy Court Abused Its Discretion in Awarding Sanctions Pursuant to Its Inherent Powers</u>

In the alternative, the Bankruptcy Court awarded sanctions under its inherent authority. Appellant argues that the Bankruptcy Court abused its discretion by awarding sanctions

9

pursuant to its inherent powers without making a finding of bad faith or willfulness and by awarding sanctions against a nonparty. Appellee responds that the Bankruptcy Court did make a finding of bad faith by finding that Appellant willfully failed to meet and confer.

A Bankruptcy Court has the inherent authority to sanction bad faith or willful conduct. In re Dyer, 322 F.3d 1178, 1196 (9th Cir. 2003) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 42-47 (1991)). Here, the Bankruptcy concluded that Appellant's "role in asserting the privilege, insisting the trustee retrieve copies of and return the documents, and failing to meet and confer constitute willful conduct that warrants the issuance of sanctions." AER at 537. The Bankruptcy Court based its decision on the same factual findings mentioned above: Appellant never responded to Appellee's questions even though it put itself in the position of being the firm with whom Appellee was to meet and confer. Id. Therefore, the Bankruptcy Court did make a finding of willfulness.

Further, Appellant's argument that a court cannot sanction a nonparty except in strictly limited circumstances lacks merit because the Bankruptcy Court found that Appellant was the attorney advising the party's conduct. The argument is also without merit because a court has the inherent power to impose sanctions against a nonparty to curb abusive litigation practices and against a nonparty whose actions or omissions cause the parties to incur additional expenses. Corder v. Howard Johnson & Co., 53 F.3d 225, 232 (9th Cir. 1994).

Accordingly, the Bankruptcy Court's decision to award

sanctions in the alternative pursuant to its inherent authority was not an abuse of discretion and therefore, is affirmed.

### D. Whether the Fee Award Is Appropriate

Appellee requested $35,280 in fees but the Bankruptcy Court reduced the fee award to $29,557.75 because it found the hours spent on the Ex Parte Application and reply brief to be excessive. Appellant argues that the award amount in this case was an abuse of discretion because the award was based on San Francisco rates and not community rates and because the fee award included fees for the Ex Parte Application, which was not successful. Appellee responds that the award was not an abuse of discretion because there is nothing in the record to dispute the Bankruptcy Court's finding that it is within local customs to have San Francisco attorneys handle Sacramento bankruptcy matters and because the Bankruptcy Court reduced the fees for the Ex Parte Application.

"Reasonableness is the benchmark for sanctions based on attorneys' fees." Mirch v. Frank, 266 F. App'x 586, 588 (9th Cir. 2008) (citing Brown v. Baden (In re Yagman), 796 F.2d 1165, 1184-85 (9th Cir. 1986) amended by 803 F.2d 1085 (9th Cir. 1986)). Recovery should not exceed "those expenses and fees that were reasonably necessary to resist the offending action." In re Yagman, 796 F.2d at 1185. The starting point for computing reasonable attorneys' fees is the lodestar figure, which represents the number of hours reasonably expended multiplied by a reasonable hourly rate. See Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987). A reasonable hourly rate is one "in line with those prevailing in the community for similar

11

services of lawyers of reasonably comparable skill and reputation." Id. at 1263. The relevant community is defined as "the forum in which the district court sits." Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997). However, rates outside the forum may be used "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." Id. (quoting Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992)).

In this case, the Bankruptcy Court awarded Appellee attorneys' fees based on the prevailing rates in the community in which counsel is located—the San Francisco area—rather than prevailing rates in the local forum—the Sacramento area. The Bankruptcy Court found that in particularly large Chapter 11 cases, such as this one, parties engage San Francisco counsel and therefore, San Francisco rates were appropriate. AER at 537. However, the Bankruptcy Court made no factual findings specific to this case showing that local counsel was unavailable because they were unwilling or unable to perform. Without these findings, an award at rates outside the local forum is inappropriate. See Gates, 987 F.2d at 1406. Accordingly, the Court finds that the Bankruptcy Court abused its discretion by awarding fees at San Francisco rates. In its place, the Court awards the blended rate of $350 per hour, suggested by Appellant, because it conforms to the prevailing rates in the local forum. See AOB at 18.

The Bankruptcy Court also awarded fees for the Ex Parte Application. However, the Bankruptcy Court denied the Ex Parte

12

1 | Application, stating that to the extent Appellee wanted relief
2 | from the requirement of Federal Rule of Civil Procedure
3 | 26(b)(5)(B), Appellee should do so by motion on notice to all
4 | appropriate parties. AER at 17-20. Because the Ex Parte
5 | Application was unsuccessful and unnecessary, the Court finds
6 | that those expenses and fees were not "reasonably necessary to
7 | resist the offending action" and should not have been awarded.
8 | In re Yagman, 796 F.2d at 1185. Although the Bankruptcy Court
9 | reduced the fees for the Ex Parte Application and reply brief by
10 | twenty-five percent because those fees were excessive, the
11 | Bankruptcy Court abused its discretion by awarding any fees for
12 | the Ex Parte Application. However, the Court finds that the
13 | award of all other fees was not an abuse of discretion. See AER
14 | at 538. Therefore, the total fee award, without the Ex Parte
15 | Application and at the $350 per hour rate, is $16,345.
16 | Accordingly, the Court reduces the sanction amount to
17 | $16,345 and, as reduced, the Court affirms the Bankruptcy Court's
18 | judgment. See Rosensweig v. Bally Total Fitness Corp., 14 F.
19 | App'x 765, 766-67 (9th Cir. 2001) (affirming sanctions award as
20 | modified); Abdur-Rasheed v. Bellsouth Corp., 951 F.2d 358, at *2
21 | (9th Cir. 1991) (affirming attorneys' fee award as modified).
22 |
23 | VII. ORDER
24 | For the reasons stated above, the Bankruptcy Court's
25 | March 27th order is AFFIRMED and the May 18th order is AFFIRMED
26 | as MODIFIED.
27 | IT IS SO ORDERED.
28 | Dated: December 20, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

13